IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x

| | | |
|---|---|---|
| TEXAS INSTRUMENTS INCORPORATED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06 CV 2305 (SHS) (RLE) |
| | ) | ECF CASE |
| POWERCHIP SEMICONDUCTOR CORPORATION, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

-------------------------------------------------------------- x

**MEMORANDUM OF LAW IN RESPONSE TO DEFENDANT'S REQUEST FOR
RECONSIDERATION OF THE ORDER OF THE MAGISTRATE JUDGE**

Texas Instruments ("TI") respectfully requests that the Court deny Powerchip Semiconductor Corporation's ("PSC") motion for reconsideration of the Court's Opinion and Order, dated May 24, 2007 (the "Order"). PSC's motion should be denied because: 1) the Court did not overlook any material matter of law or fact; 2) PSC's new arguments and evidence may not be considered on a motion for reconsideration; and 3) PSC's new arguments and evidence are not material.

**ARGUMENT**

**I. THE COURT DID NOT OVERLOOK ANY MATERIAL MATTER
OF LAW OR FACT**

As a preliminary matter, a serious question exists as to whether PSC has properly moved for reconsideration of the Order. See 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law"); Koehler v. Bank of Bermuda Ltd., 2003 WL 466206, at *1 (S.D.N.Y. Feb. 21, 2003) (Haight, J.) (enjoining a party from

proceeding on a motion for reconsideration of a magistrate judge's order granting discovery sanctions where the motion for reconsideration was addressed to the magistrate judge).

Assuming, however, that PSC's motion should not have been addressed to Judge Stein under 28 U.S.C. § 636(b)(1)(A), no question exists that PSC may only proceed on its motion if it can identify a factual or legal matter that this Court overlooked which would have materially influenced this Court's decision.  Local Civil Rule 6.3; Davidson v. Scully, 172 F. Supp. 2d 458, 461-62 (S.D.N.Y. Nov. 5, 2001) (citation omitted); see also DeSmeth v. Samsung America, 1998 WL 315469, at *1 (S.D.N.Y. June 16, 1998) (Ellis, M.J.) (citation omitted) (denying motion for reconsideration).  PSC may not use its instant motion to advance new theories or to adduce new evidence, nor may PSC use its instant motion to relitigate issues already decided by this Court. Davidson, 172 F. Supp. at 461-62 (citation omitted).  In other words, PSC's motion for reconsideration may not be used for "taking a second bite at the apple."  Id. at 464 (internal quotations omitted).  That is why the rules of this Court mandate that a motion for reconsideration be narrowly construed to dissuade repetitive arguments that have already been considered fully by the Court.  DeSmeth, 1998 WL 315469, at *1 (citation omitted); Davidson, 172 F. Supp. at 462 (citation omitted).[1]

PSC asserts that this Court overlooked the testimony of Mr. Telecky, the TI employee who negotiated the license agreement.  (See Memorandum of Law in Support of Defendant's Request for Reconsideration of the Order of the Magistrate Judge (the "PSC Memorandum"), at 2, 4.)  Specifically, PSC argues that this allegedly overlooked testimony supports PSC's position that it was not "on notice" of the fact that TI considered mask tooling forms to be

---

[1] To the extent PSC's motion can be "narrowly construed" as including a request for reconsideration of the Court's award of attorney's fees to TI, TI notes that the footnote in PSC's Memorandum which addresses this issue identifies neither fact nor law which this Court overlooked.  This Court's award of attorney's fees to TI was proper pursuant to Fed. R. Civ. P. 16(f), 37(c)(1) and 37(d).

responsive to TI's document requests for "manufacturing drawings and specifications." (Id. at 4.) PSC is wrong. This Court most definitely did not "overlook" Mr. Telecky's testimony. Indeed, this Court specifically referenced Mr. Telecky's testimony in the Court's recitation of the background of the motions. (Order at 13-14.) Not only does the Order conclusively demonstrate that this Court did not overlook the referenced testimony, but it further demonstrates that this Court also relied upon other evidence in the record for its determination that PSC was on notice that TI considered mask tooling forms to be responsive to the document request. (Id. at 27-28.)

The defects in PSC's motion for reconsideration, however, are even more severe. PSC's motion mischaracterizes the allegedly overlooked testimony, ignores facts in the record, is inconsistent, and argues against the weight of the evidence.

PSC's motion mischaracterizes the testimony of Mr. Telecky. PSC represents that Mr. Telecky testified that "he considered the term [manufacturing drawings and specifications] to mean the masks and layout databases [and] never suggested that tooling forms were encompassed in the [discovery] requests." (PSC Memorandum at 4.) Not so. Mr. Telecky never testified that the term "manufacturing drawings and specifications" as used in the License Agreement means the "masks and layout databases." Indeed, Mr. Telecky did not agree when asked if he agreed that the term "manufacturing drawing primarily refers to the mask." (Deposition of F. Telecky (annexed at Ex. B to the PSC Memorandum), at 117.) Furthermore, the phrase "layout databases" does not even appear in Mr. Telecky's deposition transcript. What Mr. Telecky did testify to is that the phrase "manufacturing drawings and specifications" is "well-known in the industry"; that "design information [is] . . . comprehended within that phrase"; and that the phrase "primarily refers to . . . the circuit design." (Id. at 110, 114, 117.)

PSC's argument implies that Mr. Telecky was intended to serve as PSC's guide to enable PSC to determine what documents PSC should produce in response to TI's document requests. (PSC Memorandum at 4-5.) This implicit argument ignores facts that are before this Court. To begin with, Mr. Telecky never was asked about either PSC's tooling forms or about PSC's failure to produce tooling forms. Mr. Telecky could not have been asked such questions because the PSC testimony and documents with respect to the PSC tooling forms which had been produced were designated by PSC as "Outside Attorney's Eyes Only" under the Stipulation and Protective Order. (See Letter from B. Satine, Mar. 26, 2007, at 1, Exs. 11, 12.)[2] Even more importantly, PSC's argument ignores the fact that fact discovery closed on December 29, 2006, with but one exception. At PSC's request, fact discovery was continued to permit PSC to depose Mr. Telecky on January 4, 2007. (See Letter from B. Satine, Dec. 18, 2006, at 2; and Deposition of F. Telecky (annexed at Ex. B to the PSC Memorandum).) Therefore, even if one could accept the premise that PSC was deposing a TI employee to ascertain what documents PSC should produce in response to TI's document requests of August 24, 2006, fact discovery had closed by the time PSC took Mr. Telecky's deposition.

PSC's argument also is inconsistent with its own prior statements to this Court. PSC argues in the instant motion that it did not produce 1,787 pages of tooling forms during fact discovery because they "were not requested by any of TI's document requests (because they were not within the definition of 'manufacturing drawings and specifications.')" (PSC Memorandum at 4.) However, in an earlier letter to this Court explaining what PSC had produced in response to TI's request for manufacturing drawings and specifications, PSC stated

---

[2] All of the letters cited herein had been submitted to the Court with respect to the underlying motions and are cited in the Order.

that "in response to this request . . . .[PSC] also produced tooling layout forms." (See Letter from B. Satine and A. Aitken, Jan. 30, 2007, at 6.)

PSC's argument also is internally inconsistent. PSC admits that "Powerchip recognizes that TI requested supplementation of the exemplary tooling form documents that were produced in November 2007," yet PSC argues that "TI never sought the tooling forms and never put Powerchip on notice that it considered such documents responsive." (PSC Memorandum at 4-5.)

Finally, PSC's argument that PSC was not "on notice" goes against the weight of the evidence. The Order recites the evidence which led this Court to conclude that PSC "was clearly on notice." (Order at 28.)

## II. PSC'S NEW EVIDENCE AND NEW ARGUMENTS SHOULD NOT BE CONSIDERED

It is well established in this Court that the submission of new evidence is precluded on a motion for reconsideration because the "motion does not afford the losing party the right to submit new evidence to bolster relief." Davidson, 172 F. Supp. at 463-64 (citation omitted). PSC may not use a motion for reconsideration as an opportunity to advance "additional arguments which [it] could have made, but neglected to make before judgment." Id. at 464 (citation omitted).

Nonetheless, PSC asks this Court to consider newly offered excerpts from the deposition testimony of Mr. Hsu, Dr. Gwozdz, and Mr. Telecky.[3] (See PSC Memorandum at 5-7 and Ex. B.) All of this deposition testimony had been available to PSC prior to issuance of the Order. (See Letter from B. Satine, Mar. 26, 2007, at Ex. 9 (Hsu deposition excerpts); Letter from B. Satine, Apr. 20, 2007, at Ex. 1 (Gwozdz deposition excerpts); Letter from B. Satine and A. Aitken,

---

[3] It should be noted that the newly offered excepts of Mr. Hsu's and Dr. Gwozdz's testimony are unrelated to PSC's stated basis for reconsideration (i.e., Mr. Telecky's allegedly "overlooked" testimony).

Jan. 30, 2007, at 6 (references to Telecky deposition testimony).)  PSC's opportunity to have offered this evidence for consideration by this Court has expired.  <u>Davidson</u>, 172 F. Supp. at 463-64; <u>Levin v. Gallery 63 Antiques Corp.</u>, 2007 WL 1288641, at *2 (S.D.N.Y. April 30, 2007) ("[t]he law of this Circuit is clear: the Court must not consider [ ] portions of [a] deposition which were not before the Court when the motion was decided.").

PSC also asks this Court to consider new arguments.  Even if these arguments could be offered for the first time on a motion for reconsideration – which they cannot – each of these arguments would fail.  Rather than responding to each of PSC's new arguments, TI has elected to provide the Court with one example.

One new PSC argument is that when, at the Court's request, the parties attempted on January 30, 2007 to jointly identify documents that had <u>not</u> been produced by PSC, TI did not specifically identify mask tooling forms as non-produced manufacturing drawings and specifications.  (PSC Memorandum at 4-5.)  This argument is devoid of merit.  The letter in question explicitly states that the parties "have not attempted to identify each and every document which may fall within this category [of manufacturing drawings and specifications]," and that the parties further agreed that "with respect to most document categories it is not possible to identify the documents in issue with specificity, and that should it be necessary the parties will address any such documents at a subsequent time."  (<u>See</u> Letter from B. Satine and A. Aitken, Jan. 30, 2007, at 1.)  Moreover, as this Court has observed, the record does not show that TI was aware that non-produced tooling forms even existed.  (Order at 28.)

**CONCLUSION**

For each and all of the foregoing reasons, TI respectfully requests that this Court deny PSC's request for reconsideration, and that this Court grant TI such further relief as this Court deems just and appropriate.

Dated: June 15, 2007
        New York, New York

                              JONES DAY

                              By:   /s/ Lynn M. Marvin
                                    Barry R. Satine (BS-8785)
                                    Lynn M. Marvin (LM-2281)

                                    222 East 41st Street
                                    New York, NY  10017
                                    (212) 326-3939
                                    Attorneys for Plaintiff
                                    Texas Instruments Incorporated

Of Counsel:

Jay C. Johnson
Richard R. Andrews
Texas Instruments Incorporated
12500 TI Boulevard
Dallas, Texas 75243