UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| TEXAS INSTRUMENTS INCORPORATED, | : | |
| | : | |
| Plaintiff, | : | |
| | : | OPINION |
| - against - | : | |
| | : | 06 Civ. 2305 (SHS) (RLE) |
| POWERCHIP SEMICONDUCTOR CORPORATION, | : | |
| | : | |
| Defendant. | : | |

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Texas Instruments Incorporated ("Texas Instruments") brings this action for breach of contract against PowerChip Semiconductor Corporation ("PowerChip"). PowerChip is seeking reconsideration of this Court's Opinion and Order dated May 24, 2007 ("Opinion and Order"), granting, in part, Texas Instruments's motions for sanctions for conduct related to PowerChip's belated production of certain responsive documents and its failure to produce other responsive documents. Specifically, PowerChip asks this Court to reconsider the part of its ruling granting Texas Instruments's request for preclusion of material produced by PowerChip on March 21, 2007, consisting of 1,787 pages of mask tooling forms. Memorandum of Law in Support of Defendant's Request for Reconsideration of the Order of the Magistrate Judge ("Def. Mem."), at 1. For the reasons stated below, PowerChip's motion for reconsideration is **DENIED**.

## II. STANDARD FOR RECONSIDERATION

The decision whether to grant or deny a motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure is within the sound discretion of the court. **Ursa Minor**

**Ltd. v. Aon Financial Products, Inc.**, 2000 WL 1279783, at *1 (S.D.N.Y. Sept. 8, 2000).  The standard is strict, and such motion "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." **Shader v. CSX Transp., Inc.**, 70 F.3d 255, 257 (2d Cir.1995); *see* Local Civil Rule 6.3.  "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." **In re Health Mgmt. Sys. Inc. Sec. Litig.**, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (*citations omitted*).

### III.  DISCUSSION

**A.  Motion for Reconsideration**

In its motion for reconsideration, PowerChip states that the basis of its objection is that the documents in question were not responsive to Texas Instruments's requests.  Def. Mem. at 1-2.  PowerChip also argues, in the alternative, that its delay in the production of these documents should have been excusable because there was a "bona fide dispute as to the meaning of [the] document requests," and production in the manner expected by Texas Instruments would have been unduly prejudicial.  **Id**. at 2.  The evidence that PowerChip alleges the Court overlooked is testimony of a witness, Mr. Telecky, which it claims "strongly suggest[s] that [Texas Instruments's] document requests were limited to the masks themselves and to the layout databases."  **Id**.  However, none of PowerChip's arguments reflect that the Court overlooked "controlling" evidence that requires a change in its prior decision.

In finding that the mask tooling forms should have been produced, the Court based its decision on two lines of argument: 1) based on the testimony of PowerChip's designated 30(b)(6)

witness, as well as the characterization of the mask tooling forms by its own expert, it found that the mask tooling forms were responsive to Texas Instrument's requests; and 2) even assuming that PowerChip genuinely believed the mask tooling forms not to be responsive, Texas Instruments specifically requested the forms and, therefore, PowerChip was on notice that Texas Instruments believed the documents to be responsive.  Opinion and Order at 26-29.  Contrary to PowerChip's assertion, the Court did not overlook the testimony of Mr. Telecky.  **Id**. at 13-14.  Rather, the Court did not find that this testimony warranted the inferences drawn by PowerChip, and, instead, based its opinion on what it found to be more compelling evidence.

There is no basis for reconsidering the Court's finding that the mask tooling forms were responsive, and should have been produced, because PowerChip has not identified controlling decisions or data that the court overlooked.  PowerChip does not contest the Court's finding that the failure to produce the mask tooling forms was not harmless, thus preclusion is mandated under Rule 37(c)(1).  Therefore, PowerChip's motion for reconsideration is **DENIED**.

**B. Reasonable Costs & Attorney Fees**

In the Order and Opinion, the Court instructed Texas Instruments to file an affidavit on the number of hours required to filed the motions for sanctions which were granted.  **Id**. at 30.  The starting point for determining reasonable attorney's fees to be charged shall be the lodestar analysis, whereby the number of billable hours are multiplied by counsel's reasonable billing rate.  ***See* LeBlanc-Sternberg v. Fletcher**, 143 F.3d 748, 763-64 (*quoting* **Hensley v. Eckerhart**, 461 U.S. 424, 433 (1983)).  In determining a reasonable hourly rate, the court should consider the rates for legal services "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  **Gierlinger v. Gleason**, 160 F.3d 858, 882 (2d

Cir.1998) (*quoting* **Blum v. Stevenson**, 465 U.S. 886, 895 n.11 (1984)).  In addition, the court may also rely on its own knowledge of hourly rates charged in private firms to determine what is reasonable in the relevant community.  **Miele v. New York State Teamsters Conf. Pens. & Retirement Fund**, 831 F.2d 407, 409 (2d Cir.1987).  For purposes of determining the fee, the relevant community is the judicial district in which the trial court sits.  **In re Agent Orange Prod. Liability Litig.**, 818 F.2d 226, 232 (2d Cir.1987).

In the Second Circuit, a party seeking an award of attorney's fees must support its application by submitting time records that detail "for each attorney, the date, hours expended, and the nature of the work done."  **New York State Assoc. for Retarded Children, Inc. v. Carey**, 711 F.2d 1136, 1154 (2d Cir.1983).  When determining the reasonableness of the hours expended by counsel, the court considers "the value of the work product of the specific expenditures to the client's case."  **Luciano v. Olsten Corp.**, 109 F.3d 111, 116 (2d Cir.1997) (*citing* **Lunday v. City of Albany**, 42 F.3d 131, 133 (2d Cir.1994); **DiFilippo v.. Morizio**, 759 F.2d 231, 235 (2d Cir.1985)).  Morever, the court should reduce the lodestar calculation by any amount of time it deems unreasonable.  *See* **Quarantino v. Tiffany & Co.**, 166 F.3d 422, 425 (2d Cir.1998) (*citing* **Hensley v. Eckerhart**, 461 U.S. 424, 434 (1983)).

Because the Court cannot award attorney's fees based on the affidavit of counsel alone, Texas Instruments is instructed to submit time records that detail for each attorney the date, hours expended, hourly rate, and the nature of the work done.  *See* **New York State Assoc. for Retarded Children, Inc. v. Carey**, 711 F.2d at 1154.  Texas Instruments may also submit any additional information, in the form of a sworn statement, to support the hourly rate requested or time expended.  Texas instruments **SHALL** submit this information by **July 20, 2007**.

## III. CONCLUSION

For the foregoing reasons, PowerChip's motion for reconsideration is **DENIED**.

**SO ORDERED this 13th day of July 2007**
**New York, New York**

*/s/ Ronald L. Ellis*

The Honorable Ronald L. Ellis
United States Magistrate Judge