IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

TEXAS INSTRUMENTS INCORPORATED,    )
                                                 )
                     Plaintiff,    )
                                                 )
            v.                         )   No. 06 CV 2305 (SHS) (RLE)
                                                 )   ECF CASE

POWERCHIP SEMICONDUCTOR
CORPORATION,                              )
                                                 )
                     Defendant.  )

------------------------------------------------------------- x

### TEXAS INSTRUMENTS' MOTION IN LIMINE
### TO PRECLUDE DEFENDANT FROM OFFERING ANY EXPERT OPINION
### BY DR. VANDERHART REGARDING
### THE INTERPRETATION OF THE LICENSE AGREEMENT

Plaintiff Texas Instruments Incorporated ("TI") moves *in limine* to preclude defendant

Powerchip Semiconductor Corporation ("PSC") from offering any expert opinion by Dr. Jennifer

Vanderhart regarding the interpretation of the License Agreement between TI and PSC, dated

February 18, 1999 (the "License Agreement").

Dr. Vanderhart is an economist.  She has neither scientific, technical, nor other

specialized knowledge to qualify her as an expert regarding the interpretation of the License

Agreement, but nonetheless she intends to opine on the interpretation of the License Agreement.

### BACKGROUND

In her Expert Report, Dr. Vanderhart identified herself as an economist specializing in

applied econometrics and microeconomic analysis.  In her Expert Rebuttal Report, Dr.

Vanderhart opined as to the meaning or ambiguity of certain provisions of the License

Agreement.

TI questioned Dr. Vanderhart at deposition as to whether she intended to opine on the meaning of the License Agreement.  She testified that she did intend to provide the Court with her opinion as to whether the License Agreement is ambiguous.

TI questioned Dr. Vanderhart as to her qualifications to offer such an opinion.  She testified:

> I have read contracts in other matters that I have been involved in, so I've seen a number of contracts and have seen how they're constructed and understood to be ambiguous.
> (Ex. 7 to the Declaration of Lynn M. Marvin, at 18.)

Dr. Vanderhart then was questioned by TI about the meaning of her own engagement letter relating to her services for PSC in this case.  She was unable to answer TI's questions, and PSC's counsel objected to TI's questioning of Dr. Vanderhart regarding the meaning of her own agreement:

> She's not here as an expert on what this document means, what particular language means. . . . She said that her attorney drafted it. She's here to provide economics testimony, not why somebody - - speculate as to why her attorney put certain words in a document.
>
> *   *   *
>
> It calls for improper expert testimony, lack of foundation.  Id. at 47-48.

## ARGUMENT

It is in the sound discretion of this Court to determine whether Dr. Vanderhart is qualified to testify as an expert with regard to the interpretation of the License Agreement.  See Pan American World Airways, Inc. v. The Port Authority of New York and New Jersey, 995 F.2d 5, 9-10 (2d Cir. 1993).

Where a proposed expert lacks the knowledge, skill, experience, training, or education required to testify as an expert with regard to a particular topic, the proposed expert may be

- 3 -

precluded from offering such testimony.  <u>See</u> Fed. R. Evid. 702; <u>Pan American World Airways,</u>

<u>Inc.</u>, 995 F.2d at 10 (affirming trial court's decision to exclude expert witness because the expert

lacked knowledge, skill, experience, training, or education required to testify).

TI does not dispute that Dr. Vanderhart is qualified as an expert with respect to applied

econometrics and microeconomic analysis.  As PSC's own counsel appears to concede, however,

Dr. Vanderhart is not qualified to provide an expert opinion on the interpretation of the License

Agreement or other agreements.

<b><u>CONCLUSION</u></b>

For the foregoing reasons, TI respectfully requests that PSC be precluded from offering

any expert opinion by Dr. Vanderhart regarding the interpretation of the License Agreement.

Dated:   New York, New York
         September 26, 2007

JONES DAY


By:   _s/ Lynn M. Marvin_____
      Barry R. Satine (BS-8785)
      Lynn M. Marvin (LM-2281)
      222 East 41st Street
      New York, NY 10017
      (212) 326-3939
      Attorneys for Plaintiff
      Texas Instruments Incorporated